state with jurisdiction and authority to examine into and declare the mental incompetency of any person alleged to be mentally incapable of managing his property, and section 1452, Comp. Stats. 1921, vests the same court with jurisdiction and authority to restore such person to his mental capacity, and it appears that in the jurisdictions of the cases above cited no such specific authority is conferred, consequently a court of equity may properly assume jurisdiction.

Under the ruling laid down in Yarhola v. Duling, supra, the present action could be maintained by the next friend, under the allegations of the petition, notwithstanding the existence of the guardianship, but when the county court restored the incompetent to competency, neither the guardian nor the next friend had any further jurisdiction to prosecute the action over the objection of the former incompetent, and, beyond question, the county court had the jurisdiction and authority to inquire into the mental status of the incompetent, and if found to be competent, to so enter its judgment.

In Chaloner v. Sherman, 215 Fed. 807, it is said in paragraph 10 of the syllabus:

"Where a person who had been adjudged insane has recovered, such fact must be brought to the attention of, and application for relief made to, the court of original jurisdiction."

Then, having been restored to her capacity by the sole tribunal vested with jurisdiction and authority to do so, she is authorized under section 665, Comp. Stats. 1921, to dismiss the action.

Therefore, however reluctant we are to do so, we are forced to the conclusion that the trial court committed no error in overruling plaintiff's motion to strike and in sustaining the dismissal.

All the Justices concur.

Note.—See under (1) 34 C. J. p. 545 § 844; 17 R. C. L. p. 881; 3 R. C. L. Supp. p. 503; 4 R. C. L. Supp. p. 1022. (2) 32 C. J. p. 771 §§ 588 (Anno) 589; 14 R. C. L. p. 611; 3 R. C. L. Supp. p. 256.

---

**DAVIS v. CONE et al.**

No. 16117—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

Appeal from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Florence Davis, nee White, an incompetent, by Thomas F. Shaw, her next friend, against R. H. Cone and others. Judgment for defendants, and Shaw appeals. Affirmed.

W. T. Drake and Linebaugh, Pinson & Fite, for plaintiff in error.

Watts & Broaddus, for defendants in error.

PHELPS. J. The statement of facts, in substance, and the questions of law involved herein are identical with those in the case of Florence Davis, nee White, an incompetent, by Thomas F. Shaw, her next friend, v. R. H. Cone et al., No. 16119, this day decided by this court, and the. opinion and syllabus of said case are adopted herein. (See 114 Okla. 151, 244 Pac. 447.)

---

**WHITE v. CONE et al.**

No. 16118—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

Appeal from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Floyd White, an incompetent, by Thomas F. Shaw, his next friend, against R. H. Cone and others. Judgment for defendants, and Shaw appeals. Affirmed.

W. T. Drake and Linebaugh, Pinson & Fite, for plaintiff in error.

Watts & Broaddus, for defendants in error.

PHELPS, J. The statement of facts, in substance, and the questions of law involved herein are identical with those in the case of Florence Davis, nee White, an incompetent, by Thomas F. Shaw, ner next friend, v. R. H. Cone et al., No. 16119, this day decided by this court, and the opinion and syllabus of said case are adopted herein. (See 114 Okla. 151, 244 Pac. 447.)

---

**WHITE v. CONE et al.**

No. 16120—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

Appeal from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Floyd White, an incompetent, by Thomas F. Shaw, his next friend, against R. H. Cone and others. Judgment for defendants, and Shaw appeals. Affirmed.

W. T. Drake and Linebaugh, Pinson & Fite, for plaintiff in error.

Watts & Broaddus, for defendants in error.

PHELPS, J. The statement of facts, in substance, and the questions of law involved herein are identical with those in the case of Florence Davis, nee White, an incompetent, by Thomas F. Shaw, her next friend, v. R. H. Cone et al., No. 16119, this day decided by this court, and the opinion and syllabus of said case are adopted herein. (See 114 Okla. 151, 244 Pac. 447.)

---

### CROWE et al. v. WARNARKEE et al.

No. 14184—Opinion Filed Dec. 8, 1925.

Rehearing Denied March 23, 1926.

(Syllabus.)

1. **Indians—Inherited Allotment — Validity of Conveyance by Full-Blood Heirs—Effect of Deed Approved by County Court After Disapproval by Secretary of the Interior Under Earlier Statute.**

Where, in 1907, full-blood Creek Indian heirs, duly enrolled as such, executed a deed to an inherited allotment and submitted the deed to the Secretary of the Interior as provided by section 22 of the Act of Congress of April 26, 1906, and the deed was disapproved by him and returned to the grantors, and in the year 1913, the same heirs, by the use of the same deed as muniment of title, for a valuable consideration, secured the approval of the deed for the original grantees by the county court as provided by the Act of Congress of May 27, 1908, held, the scroll or deed written in 1907 served as muniment to pass title, and title to the allotment was thereby conveyed to the grantees.

2. **Judgment—"Res Judicata."**

In order to make a matter "res judicata" there must be the concurrence of the four conditions following: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and the parties to the action or their privies; (4) identity of the quality in the person for or against whom the claim is made.

3. **Same—Matters Concluded—Matters not in Issue.**

Where the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the first suit operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the first suit, and the first judgment is not conclusive as to other matters that might have been litigated or decided.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Silla Warnarkee et al. against W. R. Crowe et al. Judgment for plaintiffs, from which defendants appeal. Reversed and remanded.

Thompson & Smith and Lydick, McPherren & Wilson, for plaintiffs in error.

McDougal, Allen & Pryor, for defendants in error.

RILEY, J. This action was commenced in the district court of Creek county by defendants in error, as plaintiffs, against W. R. Crowe and W. J. Miller for the recovery of an undivided one-half interest in the allotment in Creek county of William Eufaula by reason of defendants in error being legal heirs of the said Eufaula.

The parties will be mentioned as they appeared below.

The plaintiffs alleged in their petition that William Eufaula was a full-blood Creek Indian, duly enrolled as such; his death on or about December 7, 1899; selection of his allotment on or about October 17, 1901; his survival by the sole and only heirs, Eliza Eufaula, his wife, and Belcher and Jacob Ispocogee, his nephews; the death of Eliza Eufaula on June 7, 1907, and survival of her sole and only heirs, being Phillip Jack, Euchee Tom, Silla Warnarkee, and Wicey Warnarkee, all full-blood enrolled Indians of the Creek Nation; the death of Phillip Jack in 1918, leaving as his sole heirs Fannie, Susie, Anne, Sam, and Wiley Jack, his minor children, and Dillie Jack, his wife.

Defendants answered, admitting all the material allegations in the petition contained; that title to lands in controversy, the allotment of William Eufaula, passed to them by reason of a deed of plaintiffs, executed and approved as required by law.

The facts concerning the execution of the deed are not in dispute. The facts, as disclosed by the pleadings, are that on August 14, 1907, Phillip Jack, Euchee Tom, Silla Warnarkee, and Wicey Warnarkee, full-blood heirs of William Eufaula and Eliza Eufaula, executed a deed to Timmie, Fife and Joseph Bruner for an undivided one-half interest in the allotments of William and Eliza Eufaula, containing 160 acres each, for a consideration of $300,—$50 paid and the balance to be paid when said deed was approved. This deed was forwarded to the Secretary of the Interior for approval. On May 26, 1913, the Secretary of the Interior refused approval. On July 15, 1911, Fife and Bruner quitclaimed their interest in